John TULP, Appellant,

v.

COLONIAL FOOD PLAN, INC.,
a corporation, Appellee.

No. 2963.

Municipal Court of Appeals for the District of Columbia.

Argued April 30, 1962.

Decided June 28, 1962.

Rehearing Denied July 11, 1962.

Lola Boswell, Washington, D. C., for appellant.

George J. Hughes, Washington, D. C., with whom Charles Jay Pilzer, Harvey A.

Jacobs, and Hubert M. Schlosberg, Washington, D. C., were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

Appellant and his wife entered into a conditional sales agreement with Wilson's Freezer and Food Service for the purchase of a freezer and food. Attached to the installment agreement was a note, executed by the parties, containing only the amount due. The date, schedule of payments, and appellee's name as payee were not inserted until appellee purchased the note from Wilson's Freezer and Food Service. Thereafter appellee discounted the note but was required to redeem it when appellant defaulted in payment. Appellee then brought this suit and recovered on the note. This appeal followed.

Appellant urges that under the provisions of the Maryland Retail Installment Sales Act, as set forth in Art. 83, Section 128(b) and (c) of the Maryland Code 1957,[1] failure to receive a copy of the agreement signed by the seller renders the agreement and the instrument void. However, we are not concerned here with the validity of the contract and note as between the seller and the buyer, nor do we wish to express an opinion as to the extent the buyer may rely in such an instance upon any violation of the requirements set forth in Section 128. The issue for our determination is whether appellant may raise the defense of failure of delivery against a subsequent purchaser of the note where (1) appellant has acknowledged delivery pursuant to Section 128, and (2) the subsequent purchaser of the note was without actual knowledge of the fact that the seller had failed to deliver a copy of the agreement to appellant. We are of the opinion that appellant may not. To do so would seriously hinder the free assignability of installment agreements. The Maryland Retail Installment Sales Act provides:

> "If, as part of an installment transaction, a note is taken by the seller * * * an acknowledgment of delivery of a copy of the agreement by the buyer pursuant to § 128 shall be conclusive proof of such delivery in favor of any assignee of such note without actual knowledge to the contrary."[2]

This exception to the requirements of Section 128 clearly indicates "that it was the legislative intent to protect innocent assignees where the buyer, by his own act of acknowledging receipt of a contract 'pursuant to § 128', has caused the assignee to rely on such fact." Associated Acceptance Corp. v. Bailey, 226 Md. 550, 174 A. 2d 440, 444 (1961).

1. "(b) *Seller to deliver copy to buyer.* —At or before the time the buyer signs the instrument, the seller shall deliver to him an exact copy of it. If that copy was not executed by the seller, then unless the seller within fifteen (15) days after the buyer has signed, delivers to him a copy of the instrument signed by the seller, the agreement and the instruments signed by the buyer shall be absolutely void without any action by the buyer, and the seller shall immediately refund to the buyer all payments and deposits theretofore made.

"(c) *Effect of failure to deliver copy.* —Until the buyer signs an installment sale agreement and receives a copy of it signed by the seller—

"(1) The buyer or prospective buyer has an unconditional right to cancel the agreement or prospective agreement and to receive immediate refund of all payments and deposits made on account of or in contemplation of the agreement; a request for such refund shall operate to cancel the agreement or prospective agreement.

"(2) When any such payment or deposit is accepted by the seller from a buyer or prospective buyer, the seller shall immediately deliver to him a receipt therefor which clearly states in 12-point type or larger his rights under paragraph (1) above."

2. Art. 83, Section 147 of the Maryland Code 1957.

Appellant further urges that the buyer is not bound by an agreement which fails to comply with the requirements of the Maryland Retail Installment Sales Act, and specifically contends that the agreement and note are absolutely void under Section 130(a).[3] However, the mere inclusion of a provision prohibited by Section 130 does not render the *entire instrument* absolutely void. Section 149(b) provides:

"*Forbidden provision in instrument renders same void.*—Whenever any instrument contains any provision prohibited by § 130, such provision shall be absolutely void, and any person taking such instrument in violation of § 130 shall not collect or receive any finance, delinquency or collection charge from the buyer in connection with the transaction to which such instrument relates."

The Maryland Retail Installment Sales Act denies any person taking an instrument with such a provision the right to recover finance, delinquency or collection charges, and the prohibitions of Section 130 are applicable to one claiming to be a holder in due course. See Griffin v. Baltimore Federal Savings & Loan Ass'n, 204 Md. 154, 102 A.2d 804 (1954). But were we to hold the filled-in particulars absolutely void, then the entire note would not be enforceable and the penalty imposed would be greater than that provided for by the Act. The judgment of the trial court in favor of appellee does not contain any finance, delinquency or collection charges and is proper under the circumstances of this case.

It was initially urged by appellant that the trial court erred in refusing to take judicial notice of Maryland law. However, we need not consider this contention inasmuch as the decision rendered by the trial court in its memorandum opinion was based upon the applicable provisions of the Maryland Retail Installment Sales Act.

Appellant's remaining assignments of error merit no comment.

Affirmed.

3. Art. 83, Section 130 of the Maryland Code 1957, provides: "No seller, sales finance company, or holder shall at any time take or receive any instrument from a buyer, or from any surety or guarantor for the buyer, which contains:
  "(a) Any blank spaces to be filled in after such instrument has been signed by any party thereto, * * *."